James E. Bailey, OSB # 922008
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002
e: jbailey@byllp.com

Aron D. Yarmo, OSB # 934626
780 NW York Drive, Suite 104
Bend, OR 97701
v: 541.241.9002
e: ayarmo@byllp.com

Mark S. Hubert, OSB # 982561
2300 SW First Avenue, Suite 101
Portland, OR 97201
v: 503.234.7711
e: markhubert@pacifier.com

Attorneys for Plaintiff's

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| VANNUS M. BASINGER AND GERALD F. LARER INDIVIDUALS,<br><br>Plaintiffs,<br><br>v.<br><br>PORTLAND GENERAL ELECTRIC COMPANY an Oregon Domestic Business Corporation<br><br>Defendant. | Case No.<br><br>**COMPLAINT**<br>**Patent Infringement – 35 U.S.C. § 271**<br><br><br>**DEMAND FOR JURY TRIAL** |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Vannus M. Basinger and Gerald F. Larer, by their attorneys bring this action

Page 1 - COMPLAINT

against defendant Portland General Electric Company ("PGE") and for their complaint allege as follows:

## PARTIES

1.

Plaintiffs, Gerald Larer and Vann Bassinger are individuals residing in Portland, Oregon. They are the inventors of and owners of the entire right, title, and interest in U.S. Patent Number 7,088,239 (the '239 patent) including the right to sue for and recover all past, present and future damages for infringement of the '239 patent.

2.

On information and belief, Defendant Portland General Electric Company is a registered domestic business corporation organized and existing under the laws of the State of Oregon since July 25, 1930, having a principal place of business at 121 SW Salmon Street, Portland, Oregon 97204, and does business under the name PGE. PGE has designated its registered agent for purposes of service of process as Stephen A. Redshaw, at 121 SW Salmon Street, Portland, Oregon 97204. On information and belief, PGE is doing business as an electric utility in this District.

## JURISDICTION

3.

This is a civil action for patent infringement, injunctive relief, and damages arising under the United States Patent Act, 35 U.S.C. §§ 1, *et seq*. This Court has subject matter jurisdiction (federal question jurisdiction) of the claims asserted herein under 28 U.S.C. §§ 1331 and 1338(a).

4.

This Court has *in personam jurisdiction* over Defendant because they conduct business

within Oregon, the forum state, and have committed acts of patent infringement in this District. Defendants sell electricity and use the infringing product in their business to monitor and report electrical usage of their residential, commercial and industrial customers in Oregon.

The defendant has systematic and continuous contacts with the State of Oregon and has purposefully availed itself the privilege of conducting activities in Oregon by soliciting and/or conducting business transactions in Oregon.

**VENUE**

5.

A substantial part of the acts, events and omissions giving rise to the claims asserted in this action occurred within this Judicial District, and venue is therefore proper in this court under the provisions of 28 U.S.C. §§ 1391(b) and (c), and 1400(b).

**THE PATENT IN SUIT**

6.

On August 8, 2006, U.S. Patent No. 7,088,239 ("the '239" patent") entitled *"Method and Apparatus for All Purpose, Automatic Remote Utility Meter Reading, Utility Shutoff and Hazard Meter "* was duly and legally issued to the inventors, Gerald Larer and Vann Bassinger who still are the owners thereof. A copy of the patent is attached as EXHIBIT A. The '239 patent is presumed valid per 35 U.S.C. § 282(a).

7.

Plaintiffs are non-producing entities and have paid all the appropriate maintenance fees of 35 U.S.C. § 41 to ensure the continued existence of the '239 patent.

/ / /

/ / /

/ / /

## CLAIM FOR RELIEF
### (Patent Infringement)

8.

In violation of 35 U.S.C. § 271 (a), (b) and (c), Defendant has infringed and continues to infringe directly or under the doctrine of equivalents; has induced and continues to induce others to infringe; and/or has committed and continues to commit acts of contributory infringement of one or more of the claims of the '239 patent.  Defendant's infringing activities in the United States and in this District include the use as well as possibly the sale, offering to sell, and/or importing, and/or causing others to use, sell, offer to sell and or import in this judicial district and/or elsewhere in the United States, certain "smart utility meters" that embody at least one of the claims of the '239 patent.

9.

Defendant uses the infringing product as part of a larger assemblage of the system and equipment used for the collection of electrical usage data by Defendant's customers to which the infringing product provides necessary function and of which it is an integral part.

10.

Defendant's acts of infringement have caused damage to Plaintiffs, and Plaintiffs are entitled to recover from Defendant PGE the damages sustained by Plaintiffs as a result of Defendant PGE's wrongful acts in an amount subject to proof at trial.

11.

As a consequence of the infringing activities of Defendant, regarding the '239 patent as complained of herein, Plaintiffs have and will continue to suffer irreparable injury unless Defendant's infringement of the '239 patent is enjoined by this Court.

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests and prays that this Court enter judgment in its favor against Defendant and grant the following relief:

A.   A judgment declaring that Defendant's conduct has infringed, induced others to infringe, and/or committed acts of contributory infringement with respect to the '239 patent in violation of 35 U.S.C. §§ 271 (a), (b) and (c);

B.   A judgment that Defendant's infringements of the '239 patent have been willful and wanton;

C.   Immediately and permanently enjoining Defendant, its officers, directors, agents, servants, employees, representatives, attorneys, related companies, successors, assigns and all others in active concert or participation with them, from any further acts of infringement, inducement of infringement, or contributory infringement of the '239 patent;

D.   An order pursuant to 35 U.S.C. § 284, awarding Plaintiffs damages adequate to compensate Plaintiffs for Defendant's infringement of the '239 patent, in an amount to be determined at trial, but in no event less than a reasonable royalty for the use and or sale of the device that infringes the claims of the '239 patent;

E.   An order pursuant to 35 U.S.C. § 284, and based on Defendant's willful and wanton infringements of the '239 patent, trebling all damages awarded to Plaintiffs;

F.   An order, pursuant to 35 U.S.C. § 284, awarding to Plaintiffs pre-judgment and post-judgment interest on the damages and their costs incurred in this action;

G.   That this case be adjudged and decreed exceptional under 35 U.S.C. § 285 entitling Plaintiffs to an award of reasonable attorney fees and that such reasonable attorney fees be awarded;

/ / /

    H.    Awarding Plaintiffs such other relief as the Court may deem just and equitable.

DATED this 20th day of November, 2013.

_____
Mark S. Hubert, OSB # 982561
2300 SW First Avenue, Suite 101
Portland, OR 97201
v: 503.234.7711
e: markhubert@pacifier.com
Of Attorneys for Plaintiff,

## DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury of all claims where it is so entitled, pursuant to FRCP 38(b).

DATED this 20th day of November, 2013.

_____
Mark S. Hubert, OSB # 982561
2300 SW First Avenue, Suite 101
Portland, OR 97201
v: 503.234.7711
e: markhubert@pacifier.com
Of Attorneys for Plaintiff,

Page 6 - COMPLAINT